UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
GABRIELA MARQUEZ f/k/a GABRIEL
MARQUEZ,

|  |  |
|---|---|
| Plaintiff, | Civil Action No. 1:26-cv-02203 |
| -against- | **COMPLAINT** |
| SAMARPAN, INC. d/b/a FUSION HK BAR AND GRILL a/k/a FUSION BAR AND GRILL PERUVIAN/MEXICAN a/k/a FUSION, NORMA NOELIA OSTOS VILCA, and MIGUEL ANGEL SOLIS HERNANDEZ, | **JURY TRIAL DEMANDED** |
| Defendants. | |

-------------------------------------------------------------X

Plaintiff Gabriela Marquez f/k/a Gabriel Marquez ("Plaintiff" or "Ms. Marquez"), by and through her attorneys, Joseph & Norinsberg LLC, upon her knowledge and belief, and as against Samarpan, Inc. d/b/a Fusion HK Bar and Grill a/k/a Fusion Bar and Grill Peruvian/Mexican a/k/a Fusion ("Defendant Corporation"), Norma Noelia Ostos Vilca, and Miguel Angel Solis Hernandez ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1. Plaintiff Marquez is a former employee of Defendants Samarpan, Inc. d/b/a Fusion HK Bar and Grill a/k/a Fusion Bar and Grill Peruvian/Mexican a/k/a Fusion, Norma Noelia Ostos Vilca, and Miguel Angel Solis Hernandez.

2. Defendants own, operate, or control a restaurant and bar located at 688 10th Avenue, New York, NY 10019, under the name "Fusion HK Bar and Grill."

3. Upon information and belief, Individual Defendants Norma Noelia Ostos Vilca and Miguel Angel Solis Hernandez serve or served as owners, managers, principals, or agents of

Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4.    Plaintiff Marquez was employed as a bartender and waitress at the restaurant located at 688 10th Avenue, New York, NY 10019.

5.    At all times relevant to this Complaint, Plaintiff Marquez worked for Defendants in excess of 40 hours per week without appropriate overtime compensation for the hours that she worked.

6.    Further, Defendants systematically failed to pay Plaintiff Marquez the minimum wage required under federal and state law, failed to pay her for spread of hours violations, and unlawfully appropriated half of her earned tips throughout her employment.

7.    Rather than maintain accurate recordkeeping of hours worked, Defendants willfully operated a cash-based payment system designed to evade legal obligations and failed to provide Plaintiff Marquez with W-2 forms or proper pay stubs throughout her entire employment.

8.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Marquez to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

9.    Plaintiff Marquez now brings this action for unpaid minimum wages, unpaid overtime wages, unpaid spread of hours wages, unlawfully appropriated tips, and violations of wage notice and recordkeeping requirements pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), and the N.Y. Labor Law §§ 190 et seq. and 650 et seq. (the "NYLL"), including applicable liquidated damages, statutory penalties, interest, attorneys' fees, and costs.

## JURISDICTION AND VENUE

10.    This Court has subject matter jurisdiction over Plaintiff's claims arising under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

11.    This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because those claims are so related to the federal claims that they form part of the same case or controversy.

12.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their business within this district, and Defendants operate a restaurant and bar located in this district. Further, Plaintiff Marquez was employed by Defendants in this district.

## PARTIES

12.    Plaintiff Gabriela Marquez f/k/a Gabriel Marquez ("Plaintiff" or "Ms. Marquez") is an adult individual residing in New York County, New York.

13.    Plaintiff was employed by Defendants at Fusion HK Bar and Grill from approximately March 5, 2021, until on or about July 19, 2024.

14.    At all relevant times, Defendants owned, operated, or controlled a restaurant and bar located at 688 10th Avenue, New York, NY 10019, under the name "Fusion HK Bar and Grill."

15.    Upon information and belief, Samarpan, Inc. d/b/a Fusion HK Bar and Grill a/k/a Fusion Bar and Grill Peruvian/Mexican a/k/a Fusion is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 688 10th Avenue, New York, NY 10019.

16.     Defendant Norma Noelia Ostos Vilca is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Ostos Vilca is sued individually in her capacity as owner, officer, and/or agent of Defendant Corporation. Defendant Ostos Vilca possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiff, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

17.     Defendant Miguel Angel Solis Hernandez is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Solis Hernandez is sued individually in his capacity as owner, officer, and/or agent of Defendant Corporation. Upon information and belief, Defendant Solis Hernandez is married to Defendant Ostos Vilca. Defendant Solis Hernandez possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

### *Defendants Constitute Joint Employers*

18.     Defendants operate a restaurant and bar located in Manhattan, New York.

19.     Individual Defendants Norma Noelia Ostos Vilca and Miguel Angel Solis Hernandez possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

20.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

21.    Each Defendant possessed substantial control over Plaintiff's working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff.

22.    Defendants jointly employed Plaintiff and are Plaintiff's employers within the meaning of 29 U.S.C. § 201 et seq. and the NYLL.

23.    In the alternative, Defendants constitute a single employer of Plaintiff.

24.    Upon information and belief, Individual Defendants Norma Noelia Ostos Vilca and Miguel Angel Solis Hernandez operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation;

b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records;

c) transferring assets and debts freely as between all Defendants;

d) operating Defendant Corporation for their own benefit as the sole or majority shareholders;

e) operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation;

f) intermingling assets and debts of their own with Defendant Corporation;

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests; and

h) other actions evincing a failure to adhere to the corporate form.

25. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff's services.

### *Defendants Are Covered by the FLSA*

28. In each year from 2021 to 2024, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

29. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

30. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce within the meaning of the FLSA.

31. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(r-s).

### *Plaintiff Gabriela Marquez*

45. Plaintiff was employed by Defendants from approximately March 5, 2021, until on or about July 19, 2024.

46. Defendants employed Plaintiff as a bartender and waitress.

47.     Plaintiff regularly handled goods in interstate commerce, such as food, beverages, and other supplies produced outside the State of New York.

48.     Plaintiff's work duties required neither discretion nor independent judgment, and she was a non-exempt employee under the FLSA.

49.     Throughout her employment with Defendants, Plaintiff regularly worked in excess of 40 hours per week.

50.     From approximately March 5, 2021, until on or about May 31, 2021, Plaintiff worked approximately 33 hours per week. Defendants paid Plaintiff $45 per day plus tips.

51.     From in or around June 1, 2021, until on or about May 31, 2023, Plaintiff worked an average of approximately 90 hours per week, including shifts from approximately 12:00 p.m. until approximately 4:00 a.m. Defendants paid Plaintiff between $60 and $80 per day plus tips.

52.     From in or around June 1, 2023, until on or about July 19, 2024, Defendants progressively reduced Plaintiff's hours in retaliation for her requests for fewer hours due to exhaustion. By early 2024, Plaintiff was working approximately 20 hours per week.

53.     Throughout her employment, Defendants paid Plaintiff on a daily rate basis that fell far below the minimum wage required under federal and state law, even when tips were included.

54.     From approximately March 5, 2021, until in or around July 1, 2021, Defendants paid Plaintiff her wages in cash.

55.     From in or around July 1, 2021, throughout the remainder of her employment, Defendants paid Plaintiff her wages by a combination of cash and electronic transfers, including Zelle.

56.     Defendants never granted Plaintiff adequate meal breaks. She was provided only brief 10-minute breaks to eat and was required to immediately return to work.

57.     Plaintiff was not required to keep track of her time, nor, to her knowledge, did the Defendants utilize any time tracking device such as punch cards that accurately reflected her actual hours worked.

58.     Throughout her employment, Defendants did not provide Plaintiff with W-2 forms or accurate statements of wages as required by NYLL § 195(3).

59.     Defendants did not give any notice to Plaintiff at the time of hiring or at any time thereafter of her rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

60.     Throughout Plaintiff's employment, Defendants unlawfully retained half of all tips she earned. This practice deprived Plaintiff of thousands of dollars in earnings that federal and state law clearly establish belong to the employee who earned them.

61.     Owner Norma Noelia Ostos Vilca actively encouraged cash transactions with customers rather than credit card payments, creating a system that facilitated wage theft and tax evasion.

*Defendants' General Employment Practices*

53.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff to work in excess of 40 hours per week without paying her appropriate minimum wage and overtime compensation as required by federal and state laws.

54.     Plaintiff was a victim of Defendants' common policy and practices which violate her rights under the FLSA and New York Labor Law by, inter alia, not paying her the wages she was owed for the hours she worked.

55. Defendants' payment system did not reflect the actual hours that Plaintiff worked or the compensation owed to her.

56. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

57. Defendants operated a cash-based payment system designed to evade legal obligations and regulatory oversight. The Company never provided Ms. Marquez with W-2 forms or proper pay stubs throughout her entire employment.

58. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff worked, the compensation she received, and to avoid paying Plaintiff properly for her full hours worked.

59. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

60. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff.

*Plaintiff's Entitlement to Wages Under the FLSA and NYLL*

55. Plaintiff was a non-exempt employee who was entitled to be paid minimum wages and overtime wages equal to one and one-half (1.5) times her regular hourly rate of pay or the applicable minimum wage, whichever is greater, for all hours worked in excess of forty (40) per week under both the FLSA and the NYLL.

56.    Although Plaintiff worked more than forty (40) hours per week during her employment and was paid below the minimum wage, Defendants failed to pay Plaintiff minimum wages and overtime wages as required by federal and state law.

*Additional NYLL Violations*

63.    Defendants failed to pay Plaintiff minimum wages as required by the NYLL for all hours worked.

64.    Defendants failed to pay Plaintiff spread of hours pay equal to one (1) additional hour's pay at the full minimum wage rate for every day in which her shift exceeded ten (10) hours.

65.    Defendants also failed to furnish to Plaintiff payroll notices at the time of her hire, or at any time thereafter, containing her rates of pay, the designated payday, or other information required by NYLL § 195(1).

66.    Defendants further failed to furnish to Plaintiff, with each wage payment, an accurate statement listing her regular and overtime rates of pay and the number of regular and overtime hours worked, or any other information required by NYLL § 195(3).

67.    By failing to provide Plaintiff with complete and accurate payroll notices and wage statements as required by NYLL §§ 195(1) and (3), Defendants deprived Plaintiff of her statutory rights to be provided with concrete information about the terms and conditions of her compensation, including the correct information on the amount of compensation paid for work hours.

68.    Defendants' failure to provide Plaintiff with such information caused Plaintiff to endure uncertainty regarding her wages and hindered her ability to take action to correct Defendants' wage and hour violations, as Defendants deprived Plaintiff of the means to confirm

that she was being compensated in accordance with the terms of her employment and with the requirements of federal and state law.

69.     As a result, Defendants injured Plaintiff by denying her the right to complete and accurate information about terms of her compensation, which resulted in the underpayment of her wages.

70.     Defendants unlawfully appropriated and retained half of all tips earned by Plaintiff throughout her employment in violation of federal and state law.

### AS AND FOR A FIRST CAUSE OF ACTION
*(Violation of the Minimum Wage Provisions of the Fair Labor Standards Act)*

73.     Plaintiff repeats and realleges all prior allegations set forth above.

74.     At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for her employment.

75.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce within the meaning of 29 U.S.C. § 203.

76.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

77.     Defendants, in violation of 29 U.S.C. § 206, failed to pay Plaintiff minimum wages for all hours worked.

78.     Specifically, Plaintiff was paid on a daily rate basis that, when calculated on an hourly basis, fell far below the federal minimum wage required under the FLSA for all hours she worked.

79.     Defendants' failure to pay Plaintiff minimum wages was willful within the meaning of 29 U.S.C. § 255(a).

80.     Plaintiff was damaged in an amount to be determined at trial.

81.     As a result of Defendants' violations of the FLSA and failure to pay Plaintiff the required minimum wages, Plaintiff has been damaged and is entitled to recover from Defendants all minimum wages due, along with all reasonable attorneys' fees, interest, and costs.

82.     As Defendants did not have a good faith basis to believe that their failure to pay minimum wages was in compliance with the law, Plaintiff is entitled to liquidated damages equal to one hundred percent (100%) of the total minimum wages due to her pursuant to 29 U.S.C. § 216(b).

83.     Judgment should be entered in favor of Plaintiff and against Defendants on the First Cause of Action in the amount of her unpaid minimum wages, liquidated damages, reasonable attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A SECOND CAUSE OF ACTION
*(Violation of the Overtime Provisions of the Fair Labor Standards Act)*

80.     Plaintiff repeats and realleges all prior allegations set forth above.

81.     Pursuant to the applicable provisions of the FLSA, Plaintiff was entitled to overtime compensation of one and one-half (1.5) times her regular hourly rate of pay or the applicable minimum wage, whichever is greater, for all hours worked in excess of forty (40) per week. 29 U.S.C. § 207(a)(1).

82.     Plaintiff regularly worked in excess of forty (40) hours per week during her employment with Defendants.

83. Specifically, from in or around June 1, 2021, until on or about May 31, 2023, Plaintiff worked an average of approximately 90 hours per week, yet Defendants failed to pay her any overtime compensation whatsoever.

84. Throughout the relevant time period, Defendants knowingly and willfully failed to pay Plaintiff overtime wages of one and one-half (1.5) times her regular hourly rate of pay or the applicable minimum wage, whichever is greater, for all hours worked in excess of forty (40) in a week, in violation of 29 U.S.C. § 207.

85. As a result of Defendants' violations of the FLSA and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

86. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to liquidated damages equal to one hundred percent (100%) of the total overtime wages due to her pursuant to 29 U.S.C. § 216(b).

87. Judgment should be entered in favor of Plaintiff and against Defendants on the Second Cause of Action in the amount of her unpaid overtime wages, liquidated damages, reasonable attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A THIRD CAUSE OF ACTION
*(Violation of the Tip Retention Provisions of the Fair Labor Standards Act)*

86. Plaintiff repeats and realleges all prior allegations set forth above.

87. Under the FLSA, tips are the property of the employee and may not be retained by the employer. 29 U.S.C. § 203(m).

88.     No employer may keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit. 29 U.S.C. § 203(m)(2)(B).

89.     Throughout Plaintiff's employment, from approximately March 5, 2021, until on or about July 19, 2024, Defendants unlawfully retained half of all tips earned by Plaintiff in violation of 29 U.S.C. § 203(m).

90.     This tip appropriation was systematic, intentional, and willful, and deprived Plaintiff of thousands of dollars in compensation that rightfully belonged to her under federal law.

91.     Defendants' unlawful tip retention occurred regardless of whether Defendants took a tip credit against Plaintiff's wages.

92.     As a result of Defendants' violations of the FLSA and unlawful appropriation of tips, Plaintiff has been damaged and is entitled to recover from Defendants all unlawfully retained tips, along with all reasonable attorneys' fees, interest, and costs pursuant to 29 U.S.C. § 216(b).

93.     Judgment should be entered in favor of Plaintiff and against Defendants on the Third Cause of Action in the amount of her unlawfully retained tips, along with attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A FOURTH CAUSE OF ACTION
*(Violation of the Minimum Wage Provisions of the New York Labor Law)*

93.     Plaintiff repeats and realleges all prior allegations set forth above.

94.     Pursuant to the applicable provisions of the NYLL, Plaintiff was entitled to minimum wages for all hours worked.

95.     Plaintiff regularly worked for Defendants without receiving the minimum wage required under New York law.

96.    Throughout the relevant period, Defendants knowingly failed to pay Plaintiff minimum wages as required by NYLL §§ 190 et seq. and 650 et seq.

97.    As a result of Defendants' violations of the law and failure to pay Plaintiff the required minimum wages, Plaintiff has been damaged and is entitled to recover from Defendants all minimum wages due, along with reasonable attorneys' fees, interest, and costs.

98.    As Defendants did not have a good faith basis to believe that their failure to pay minimum wages was in compliance with the law, Plaintiff is entitled to liquidated damages equal to one hundred percent (100%) of the total minimum wages due to her.

99.    Judgment should be entered in favor of Plaintiff and against Defendants on the Fourth Cause of Action in the amount of her unpaid minimum wages, liquidated damages, attorneys' fees, costs, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A FIFTH CAUSE OF ACTION
*(Violation of the Overtime Provisions of the New York Labor Law)*

100.    Plaintiff repeats and realleges all prior allegations set forth above.

101.    Pursuant to the applicable provisions of the NYLL, Plaintiff was entitled to overtime wages of one and one-half (1.5) times her regular hourly rate of pay or the applicable minimum wage, whichever is greater, for all hours worked in excess of forty (40) per week.

102.    Plaintiff regularly worked in excess of forty (40) hours per week during her employment with Defendants.

103.    Throughout the relevant period, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half (1.5) times her regular hourly rate of pay or the applicable minimum wage, whichever is greater, for all hours worked in excess of forty (40) per week.

104.   As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all overtime wages due, along with reasonable attorneys' fees, interest, and costs.

105.   As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to liquidated damages equal to one hundred percent (100%) of the total overtime wages due to her.

106.   Judgment should be entered in favor of Plaintiff and against Defendants on the Fifth Cause of Action in the amount of her unpaid overtime wages, liquidated damages, attorneys' fees, costs, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A SIXTH CAUSE OF ACTION
*(Failure to Pay Spread of Hours Wages in Violation of the New York Labor Law)*

106.   Plaintiff repeats and realleges all prior allegations.

107.   Plaintiff regularly worked shifts that spanned more than ten (10) hours per day.

108.   Defendants willfully failed to pay Plaintiff additional compensation of one (1) hour's pay at the basic minimum hourly wage rate for each day during which Plaintiff's shifts spanned more than ten (10) hours.

109.   By failing to pay Plaintiff spread of hours pay, Defendants willfully violated NYLL Article 19, §§ 650 et seq. and the supporting New York State Department of Labor Regulations.

110.   As Defendants did not have a good faith basis to believe that their failure to pay spread of hours wages was in compliance with the law, Plaintiff is entitled to liquidated damages equal to one hundred percent (100%) of her unpaid spread of hours wages.

111.   Judgment should be entered in favor of Plaintiff and against Defendants on the Sixth Cause of Action in the amount of her unpaid spread of hours wages, liquidated damages,

attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A SEVENTH CAUSE OF ACTION
*(Violation of Tip Retention Provisions of the New York Labor Law)*

112.    Plaintiff repeats and realleges all prior allegations.

113.    Under New York Labor Law § 196-d, tips are the property of the employee and may not be retained by the employer.

114.    Throughout Plaintiff's employment, Defendants unlawfully retained half of all tips earned by Plaintiff in violation of NYLL § 196-d.

115.    This tip appropriation was systematic, intentional, and willful, and deprived Plaintiff of thousands of dollars in compensation that rightfully belonged to her.

116.    As a result of Defendants' violations of the law and unlawful appropriation of tips, Plaintiff has been damaged and is entitled to recover from Defendants all unlawfully retained tips, along with reasonable attorneys' fees, interest, and costs.

117.    Judgment should be entered in favor of Plaintiff and against Defendants on the Seventh Cause of Action in the amount of her unlawfully retained tips, along with attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
*(Failure to Provide Payroll Notices in Violation of the New York Labor Law)*

116.    Plaintiff repeats and realleges all prior allegations.

117.    Defendants failed to furnish to Plaintiff at her time of hire, or at any time thereafter, notices containing her rate or rates of pay and basis thereof; allowances, if any, claimed as part of the minimum wage; her regular pay day designated by the employer; and other information required by NYLL § 195(1).

118.    As Defendants failed to provide Plaintiff with payroll notices as required by NYLL § 195(1), Plaintiff is entitled to liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

119.    Judgment should be entered in favor of Plaintiff and against Defendants on the Eighth Cause of Action in the amount of $5,000.00, along with attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A NINTH CAUSE OF ACTION
*(Failure to Provide Wage Statements in Violation of the New York Labor Law*

123.    Plaintiff repeats and realleges all prior allegations.

124.    Throughout the relevant time period, Defendants failed to furnish to Plaintiff, with each wage payment, a statement listing: her regular and overtime rates of pay and basis thereof; the number of regular and overtime hours she worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

125.    As Defendants failed to provide Plaintiff with wage statements as required by NYLL § 195(3), Plaintiff is entitled to liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

126.    Judgment should be entered in favor of Plaintiff and against Defendants on the Ninth Cause of Action in the amount of $5,000.00, along with attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants by:

a) on the First Cause of Action for all minimum wages due, liquidated damages, and all reasonable attorneys' fees in an amount to be determined by this Court;

b) on the Second Cause of Action for all overtime wages due, liquidated damages, and all reasonable attorneys' fees in an amount to be determined by this Court;

c) on the Third cause of Action for all tips due, liquidated damages, and all reasonable attorneys' fees in an amount to be determined by this Court;

d) on the Fourth Cause of Action for all minimum wages due, liquidated damages, and all reasonable attorneys' fees in an amount to be determined by this Court;

e) on the Fifth Cause of Action for all overtime wages due, liquidated damages, and all reasonable attorneys' fees in an amount to be determined by this Court;

f) on the Sixth Cause of Action for all spread of hours wages due, liquidated damages, and all reasonable attorneys' fees in an amount to be determined by this Court;

g) on the Seventh Cause of Action for all tips due, liquidated damages, and all reasonable attorneys' fees in an amount to be determined by this Court;

h) on the Eighth Cause of Action for liquidated damages due in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorneys' fees in an amount to be determined by this Court;

i) on the Ninth Cause of Action for liquidated damages due in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorneys' fees in an amount to be determined by this Court;

j) interest;

k) costs and disbursements; and

l) such other and further relief as is just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
March 17, 2026

**JOSEPH & NORINSBERG LLC**

By: _Jarret Bodo_
Jarret Bodo, Esq.
825 Third Avenue, Suite 2100
New York, New York 10022
Telephone: (212) 227-5700
Facsimile: (212) 656-1889
jarret@employeejustice.com
Attorneys for Plaintiff